(69 App. Div. 118.)

DRYFOOS et al. v. UHL.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. SALE—BREACH OF CONTRACT—DAMAGES—QUESTIONS FOR JURY.
   In an action for breach of a contract to buy a quantity of skirts, where plaintiff testified that he made a certain profit on each skirt, but defendant testified that plaintiff had told him that he made less than one-fourth that amount, and plaintiff testified merely that he could not remember whether he made such statement or not, and the terms of the contract permitted defendant to take a quantity of black silk, instead of a part of the skirts, the profit on the silk being different from that on the skirts, the question of the amount of damage was for the jury.

2. SAME—CROSS-EXAMINATION.
   Defendant was entitled to cross-examine plaintiff as to his ability to fulfill the contract.

3. SAME—MEASURE OF DAMAGES.
   The measure cf damage was the difference between the cost of manufacturing and delivering the goods and the contract price.

Appeal from trial term, New York county.

Action by Louis Dryfoos and others against Russell Uhl. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Harmon S. Graves, for appellant.
Dean Emery, for respondents. .

HATCH, J.. This action is brought to recover damages for a breach of the same contract which was the subject of the action in Fenn v. These Plaintiffs (decided herewith) 74 N. Y. Supp. 528, both cases having been practically tried and argued together. The evidence in this case, except so far as it relates to the question of damages, is precisely the same as in the other case. The construction

which we have placed upon the contract and the evidence given of the breach, therefore, controls the disposition to be made of the question presented in this case, and under such ruling a question of fact was presented upon the subject of the breach of the contract for determination by the jury. This conclusion results in the reversal of this judgment.

But we are also of opinion that the question of damages sustained, under the proof, also became a question of fact for the jury, and that it was error for the court to assess such damages. Upon this subject the evidence of the plaintiffs tended to establish that the profit, which they would have made, had the contract been fulfilled, was $1.47 for the black skirts and $1.10 for the colored skirts. It was testified by the defendant that the plaintiffs stated to him that their profit on each skirt under the contract would be 25 cents. The court directed a verdict for $3,537 as the amount of damage sustained, after deducting the $1,000 which was deposited by the defendant as a guaranty of good faith in the performance of the contract. We are utterly unable from the figures which appear in the testimony to see how this particular sum was arrived at by the court; but it is evident that the court adopted the testimony of the plaintiff as to the amount of the profit he would make upon the respective skirts, as it is only by adopting such sum that it is possible to approximate the amount of damages awarded. The plaintiff was not only an interested party, but Uhl's testimony was that the plaintiff stated to him that he only made 25 cents profit upon the skirts, and the plaintiff did not deny that he made such statement, but said that he could not remember whether he made it or not. It is perfectly clear, therefore, that the jury would have had the right to find that, instead of making a profit of $1.10 and $1.47 upon the skirts, respectively, the plaintiff in fact only made a profit of 25 cents on each skirt; and, if they so found, the award of damages would be reduced in a very substantial amount.

Aside from this, however, the provision of the contract did not obligate the defendant to take the manufactured black skirts. In this respect the contract is in the alternative to take 1,500 black skirts or 5,000 yards of black silk, and the plaintiff states that he could not remember whether or not he stated to Uhl that his profit was 6 cents upon each yard of silk. It is clear, therefore, that the profit which plaintiff testified he would make upon each skirt did not, so far as the black silk skirts were concerned, furnish the sole basis for estimating damages. No more damages could be recovered by the plaintiff than the lowest sum which the plaintiff would receive as profit if the contract had been fulfilled in any form which answered its terms. The proof as to what would have been the profit if black silk, instead of skirts, had been ordered by the defendant, is very meager; but it is plain that the price of the silk, if taken by the yard, was a determinate sum, and the profit thereon different from what it would have been if manufactured into skirts. In no view, therefore, could the court determine this question as matter of law.

We also think that the defendant was entitled to cross-examine the plaintiffs respecting their ability and readiness to fulfill the terms

of the contract. Such testimony, upon the objection of the plaintiff, was excluded. The court announced the correct measure of damages,—that the plaintiff was entitled to recover the difference between the contract price and the actual cost of manufacturing and delivering the goods for which the contract provided. Masterton v. Mayor, etc., 7 Hill, 61, 42 Am. Dec. 38.

For these reasons we think the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.